J-A02042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEORGE LAWRENCE ROBINSON | : | |
| | : | |
| Appellant | : | No. 1507 WDA 2021 |

Appeal from the PCRA Order Entered November 22, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000244-2001,
CP-02-CR-0006570-2001

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEORGE LAWRENCE ROBINSON | : | |
| | : | |
| Appellant | : | No. 47 WDA 2022 |

Appeal from the PCRA Order Entered November 22, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000244-2001

BEFORE: BOWES, J., OLSON, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.: **FILED: July 21, 2023**

Appellant, George Lawrence Robinson, appeals from the order entered November 22, 2021, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On a previous appeal, a panel of this Court summarized the relevant facts of this case as follows.

On September 25, 2000, University of Pittsburgh van [number] 630 was reported stolen. While walking to work at 2:45 a.m., Richard Milton was approached by a [University of Pittsburgh] van. The driver stopped the vehicle and asked [] Milton for directions. [] Milton was in a position to observe the driver's left side profile during their brief conversation. [] Milton was shot once in the back and twice in the right arm as he turned to walk toward his place of employment. On the same morning, at approximately 3:00 a.m., [William] Corbett was [also] approached by a [University of Pittsburgh] van. The driver asked [] Corbett for directions, following which [] Corbett was shot from a distance of approximately five [] feet.

*Commonwealth v. Robinson*, 875 A.2d 392 (Pa. Super. 2005) (unpublished memorandum). Appellant was later identified as the driver of the University of Pittsburgh van. *Id.*

Following a jury trial, Appellant was convicted of two counts of attempted homicide, two counts of aggravated assault, and two counts of firearms not to be carried without a license. *Id.* On March 11, 2004, the trial court sentenced Appellant to an aggregate sentence of 40 to 80 years' incarceration. *Id.* This Court affirmed Appellant's judgment of sentence on March 10, 2005. *Id.*; *see also Commonwealth v. Robinson*, 882 A.2d 478 (Pa. 2005) (denying *allocatur*).

Appellant filed a PCRA petition on April 26, 2006. Counsel was subsequently appointed and filed an amended PCRA petition on April 5, 2007. The Commonwealth then filed an answer to Appellant's amended PCRA petition, which prompted counsel to petition to withdraw from representation pursuant to *Commonwealth v. Turner*, 544 A.2d (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). On September

20, 2007, the PCRA court entered an order pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure, stating its intent to dismiss Appellant's petition without a hearing. PCRA Court Order, 9/20/07, at 1. In the same order, the PCRA court granted counsel leave to withdraw. *Id*. On October 18, 2007, the PCRA court dismissed Appellant's petition. PCRA Court Order, 10/18/07, at 1. Appellant, acting *pro se*, filed a timely notice of appeal. "However, due to his failure to serve the appropriate parties, the Allegheny County [o]ffice of [c]lerk of [c]ourts did not forward [Appellant's] notice of appeal to [this Court]." *Commonwealth v. Robinson*, 998 A.2d 997 (Pa. Super. 2010) (unpublished memorandum).

On September 16, 2008, Appellant filed a second PCRA petition, claiming he was eligible for relief because the Allegheny County clerk of courts failed to forward his notice of appeal to the Superior Court, which Appellant alleged amounted to "government interference" with his "legal procedures." Appellant's *Pro Se* PCRA Petition, 9/18/08, at 3. On October 1, 2008, the PCRA court issued a 907 notice, concluding Appellant's petition was untimely. PCRA Court's Order, 10/1/08, at 1. On October 28, 2008, the PCRA court dismissed Appellant's petition. PCRA Court Order, 10/28/08, at 1.

On April 5, 2010, however, this Court vacated the PCRA court's order dismissing Appellant's second PCRA petition and remanded with instructions. Initially, this Court recognized that, at the time Appellant filed his second PCRA petition, his appeal from the dismissal of his first PCRA petition was still pending in this Court. *See Robinson*, *supra*. Hence, this Court concluded

that Appellant's second PCRA petition was premature, and the PCRA court should have dismissed his second petition for this reason, even if the relief Appellant sought was reinstatement of his appellate challenge to the dismissal of his first PCRA petition. *Id.* Moreover, "because [Appellant's] appeal from his first PCRA petition [was] still in the [Allegheny County] [c]lerk of [c]ourts['] [o]ffice," this Court "direct[ed] the [c]lerk to forward his notice of appeal to this Court's [p]rothonotary's [o]ffice," concluding that Appellant "should have had his appeal from the denial of his first PCRA petition heard before this Court." *Id.*, *citing* Pa.R.A.P. 902. Thereafter, the Allegheny County clerk of courts complied with this Court's directive and forwarded Appellant's notice of appeal to this Court. Then, on April 22, 2010, this Court's prothonotary's office forwarded to Appellant a docketing statement for completion and filing. Appellant, however, failed to complete and return the docketing statement within 10 days as required by Pa.R.A.P. 3517. As such, on June 14, 2010, this Court dismissed Appellant's appeal by *per curiam* order. Superior Court Order, 6/14/10, at 1. Appellant sought relief from our Supreme Court by filing a petition for leave to file a petition for allowance of appeal *nunc pro tunc*, which was denied on May 11, 2011. Supreme Court Order, 5/11/11, at 1.

On February 14, 2012, Appellant filed his third PCRA petition. Thereafter, the PCRA court appointed counsel, who filed a petition on June 11, 2012 requesting reinstatement of Appellant's PCRA appellate rights *nunc pro tunc*. Appellant's Petition, 6/11/12, at 1-6. The PCRA court issued a 907 notice on August 8, 2012, and dismissed Appellant's petition on September

12, 2012.  PCRA Court Order, 9/12/12, at 1.  Appellant did not appeal the PCRA court's September 12, 2012 order.[1]

Thereafter, on June 24, 2015, Appellant filed a praecipe for writ of *habeas corpus* in the Court of Common Pleas of Allegheny County, Civil Division.  The case was transferred to the criminal division by order dated July 14, 2015.  The PCRA court treated Appellant's filing as his fourth PCRA petition.  On November 5, 2015, the PCRA court issued a 907 notice, citing the untimeliness of Appellant's petition.  PCRA Court Order, 11/5/15, at 1. The PCRA court dismissed Appellant's petition on December 2, 2015.  PCRA Court Order, 12/2/15, at 1.  Appellant appealed to this Court and we dismissed Appellant's appeal by *per curiam* order for failure to file a brief.  Superior Court Order, 5/6/16, at 1.

On February 14, 2020, Appellant filed the instant PCRA petition, his fifth. The PCRA court appointed counsel, who filed an amended PCRA petition on February 28, 2021.  The counseled petition recognized the inherent untimeliness of Appellant's petition but argued that an exception to the jurisdictional time-bar applied.  The PCRA court disagreed, filed a 907 notice

_____

[1] It appears that Appellant filed a "petition for extension of time" in this Court on October 1, 2012.  It is unclear why Appellant filed such a request because the petition itself does not appear in the certified record and because, as of October 1, 2012, Appellant's time for filing a notice of appeal had not expired (it expired on October 12, 2012).  This Court entered an order on October 3, 2012 denying Appellant's petition.

on October 26, 2021, and ultimately dismissed Appellant's petition on November 22, 2021. This timely appeal followed.[2]

Appellant raises the following issue on appeal:[3]

[Whether the] PCRA [c]ourt erred in dismissing [Appellant's] petition as time barred because [his] case falls within an exception to the timeliness provision of [the PCRA]?

Appellant's Brief at 5.

_____

[2] We note that Appellant filed separate, but timely, notices of appeal at each trial court docket where his pending collateral claims were dismissed by the PCRA court's November 22, 2021 order. Each notice of appeal listed both trial court docket numbers that were the subject of the court's November 2021 dismissal order. We therefore deem this appeal to be compliant with the decision of our Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), as interpreted by this Court in **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*). Moreover, recent amendments to our appellate rules grant appellate courts authority to take appropriate action even if a failure to comply with the manner of taking appeals prescribed by Rule 902(a) has occurred, so long as the appeal has been filed within the period allowed by Pa.R.A.P. 903 (time for appeal). **See** Pa.R.A.P. 902(b)(1) and (2); **see also infra**, at footnote 4.

[3] Appellant also raises the following claim on appeal: "Docket 1507 WDA 2021 should reflect that it represents the appeal from CP-02-CR-6570-2001, only; and Docket 47 WDA 2022 is the appeal from CP-02-CR-244-2001. **See** Appellant's Brief at 5. Essentially, Appellant sets forth a separate issue on appeal to request this Court to clarify the record "so that [trial] court docket number CP-02-CR-244-2001 is not part of the appeal docketed at 1507 WDA 2021." **Id.** at 21. This, however, is not a substantive issue that we will consider in this memorandum. Our review of the record leads us to conclude that Appellant lodged an appeal at Superior Court docket number 1507 WDA 2021, which challenged an order dismissing his petition for collateral relief at the two trial court docket numbers referenced above. Hence, we conclude that Superior Court Docket Number 47 WDA 2022, which appears to have been generated at the behest of Appellant's counsel, is superfluous. Accordingly, we dismiss the appeal docketed at 47 WDA 2022.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723 (Pa. 2003). The issue of timeliness is dispositive in this appeal. This Court previously stated:

> It is well-established that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief. [T]he PCRA is intended to be the sole means of achieving post-conviction collateral relief.

*Commonwealth v. Fantauzzi*, 275 A.3d 986, 994–995 (Pa. Super. 2022) (internal quotations, citations and brackets omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). Judgment becomes final at the conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

In this instance, Appellant's judgment of sentence became final on November 8, 2005, when the 90-day period for seeking discretionary review in the Supreme Court of the United States expired. *See* U.S. Sup. Ct. R. 13. As such, Appellant had until November 8, 2006, or one-year after his judgment of sentence became final, to file a timely PCRA petition. Appellant, however, did not file the current PCRA petition until February 14, 2020,

approximately 14 years after his judgment of sentence became final. Accordingly, Appellant's PCRA petition is patently untimely.

There are, however, three exceptions to the one-year PCRA time-bar, set forth at 42 Pa.C.S.A. § 9545(b)(1). Indeed, Section 9545(b) provides that, to escape the PCRA's timeliness requirements, a petitioner must allege and prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, Section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, Appellant argues that his current PCRA petition meets the government interference exception, set forth in Section 9545(b)(1)(i). To support his claim, Appellant "highlights [two] events that have plagued his attempts to procure [PCRA] review of his case," both of which occurred following Appellant's appeal from the October 18, 2007 order dismissing his

first PCRA petition. Appellant's Brief at 17. In particular, Appellant cites to the Allegheny County clerk of courts' failure to forward his notice of appeal, as well as this Court's prothonotary's alleged failure to send the docketing statement to the correct address, resulting in this Court's dismissal of his appeal for failure to comply with Pa.R.A.P. 3517. **Id.** Appellant argues that these two alleged errors amounted to government interference, entitling him to relief. We disagree.

Initially, we note that the failure on the part of the Allegheny County clerk of courts to forward Appellant's notice of appeal from the October 18, 2007 order is of no consequence because, after Appellant filed his second PCRA petition and subsequently appealed to this Court, we rectified this failure by specifically directing the clerk's office to comply with Pa.R.A.P. 902 ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is subject to such action as the appellate court deems appropriate, which may include, but is not limited to remand of the matter to the lower court so that the omitted procedural step may be taken.");[4] **see also Robinson**, **supra**. In so doing, this Court corrected any error and permitted Appellant to appeal the dismissal of his first

_____

[4] Pa.R.A.P. 902 was amended subsequent to this Court's decision in **Robinson, supra**. The relevant section is currently set forth in Rule 902(b)(1) and states: "Except as provided in subdivision (b)(2), the failure of a party to comply with the requirements stated in subdivision (a) does not affect the validity of the appeal, but the appeal is subject to such action as the appellate court deems appropriate. Such action may include, but is not limited to, remand of the matter to the trial court so that the omitted procedural step may be taken." **Id.**

- 9 -

PCRA petition. Hence, any claim of government interference on this basis is meritless.

In this same vein, Appellant's claim that this Court's prothonotary's act of sending the docketing statement to an incorrect address fails—and does so for two reasons. First, in making this allegation, Appellant does not explain, at any point, that this Court's prothonotary's actions, if factual, violated the Constitution or laws of either Pennsylvania or the United States. **See** 42 Pa.C.S.A. § 9545(b)(2)(i). Indeed, Appellant utterly fails to set forth any specific allegations demonstrating illegal conduct on the part of the prothonotary. **See e.g. Commonwealth v. Albrecht**, 994 A.2d 1091, 1095 (Pa. 2010) ("Appellant fails to show any of the conditions of his incarceration were illegal, as required to meet the governmental interference exception to PCRA's timeliness requirement."). We therefore conclude Appellant failed to set forth facts or allegations necessary to validly invoke the government interference exception to the PCRA time-bar.

Second, even if this Court's prothonotary's alleged error amounted to government interference – which it does not – Appellant's claim still fails. Importantly, 42 Pa.C.S.A. § 9545(b)(2) mandates that any petition invoking an exception to the time-bar must "be filed within one year of the date the claim could have been presented." **Id.** Upon review of the certified record, it is apparent that, as early as 2010, Appellant believed this Court's prothonotary sent the relevant docketing statement to an incorrect address. Indeed, in Appellant's third PCRA petition, filed June 11, 2012, Appellant

sought relief in the form of reinstatement of his PCRA appellate rights, alleging that he never received the docketing statement issued by this Court because it was sent to "SCI Coal Township," as opposed to "his correct address at SCI Pittsburgh." Appellant's Petition, 6/11/12, at 5 (superfluous capitalization omitted). In addition, Appellant attached to his June 2012 petition a letter he wrote to Eleanor Valecko, this Court's former Deputy Prothonotary, dated October 2, 2010, stating as follows:

> I am writing in regards to case number 628 WDA 2010. I am just becoming aware of an order of court that [] supposedly had been sent to me dated May 24[,] 2010[,] and another dated June 14[,] 2010. **I never received []either order of court, I have not received anything in the mail from the Superior Court since May 11, 2010. Therefore[,] I was never aware of the dismissal of my appeal or filing docketing statement in which I never received.** There had to have been some kind of mistake that was made by S.C.I. Pittsburgh or the Superior Court prothonotary.

*Id*. at Exhibit B (emphasis added). Therefore, Appellant's belated attempt to invoke the government interference exception to the PCRA time-bar on this basis, likewise, fails. *See Commonwealth v. Burton*, 936 A.2d 521, 526-527 (Pa. Super. 2007) (holding that the appellant's attempt to invoke the government interference exception to the PCRA time-bar based upon a letter he received from an assistant district attorney was "tardy" and did not warrant relief because he received the letter 15 years prior).

Because Appellant's petition was untimely and because he failed to properly invoke an exception to the PCRA's timeliness requirements, neither the PCRA court nor this Court has jurisdiction over the instant claims for

collateral relief. Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order challenged at Superior Court docket number 1507 WDA 2021 affirmed. Appeal lodged at Superior Court docket number 47 WDA 2022 dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2023